# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1321 | DATE | 5/8/2002 |
| CASE TITLE | STEPHEN A. GUMMOW vs. JAMES E. COLE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss for lack of personal jurisdiction [5-1] is granted. The entry of default [2-1] against defendant James Ellis Cole is vacated. Defendant's motion to dismiss for lack of subject matter jurisdiction [5-2], defendant's motion to set aside entry of default [3-1] and defendant's motion for leave of court to file late answer [4-1] are moot.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 09 2002 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | *mw* | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/8/2002 | |
| | | 02 MAY -8 PM 2:45 | date mailed notice | |
| CB | courtroom deputy's initials | | CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN A. GUMMOW | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1321 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JAMES E. COLE | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 0 9 2002

## MEMORANDUM OPINION AND ORDER

On February 22, 2002, Stephen A. Gummow ("Gummow") filed this declaratory judgment action against James Ellis Cole ("Cole") to correct the inventorship of United States Patent No. 5,419,221 ("the '221 patent") pursuant to 35 U.S.C. § 256 and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Cole was served on February 25, 2002. Cole failed to answer or otherwise plead. When Cole did not appear at the initial status hearing on March 27, 2002, the court found Cole in technical default. Cole now moves to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Cole also moves to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, Cole moves for leave to file his answer pursuant to Federal Rule of Civil Procedure 6(b). Gummow objects only to Cole's motion to dismiss.

### BACKGROUND

Cole's motion to dismiss for lack of personal jurisdiction must be considered first. *See Steel Co. v. Citizens for Better Environment*, 118 S.Ct. 1003, 1012 (1998)("Without jurisdiction the court

/2

cannot proceed at all in any cause"). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)(a district court may dismiss for lack of personal jurisdiction without determining whether subject matter jurisdiction exists.) In deciding a motion to dismiss for lack of personal jurisdiction, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Any conflict presented by affidavit must be resolved in Gummow's favor. *Id.* However, any unrefuted facts offered by Cole will be accepted as true. *Facilitec Corp. v. Grease Stopper, Inc.*, No. 01 C 2971, 2002 WL 226758, at *2 (N.D. Ill. Feb. 13, 2002).

Gummow, who is an Illinois resident, is a career craftsman and inventor of numerous tools, including the patented dual action ratchet wrench. Compl. at ¶ 7. According to Gummow, he conceived and designed an indexable improvement to his dual action ratchet wrench. *Id.* at ¶¶ 8-9. Gummow claims his idea was subsequently communicated to Cole, who is a Texas resident. *Id.* at ¶ 10. On June 16, 1994, Cole filed a patent application for an indexable head ratchet wrench. *Id.* at ¶ 11. On May 30, 1995, Cole was issued the '221 patent, naming him sole inventor. *Id.* at Ex. A. On February 22, 2002, Gummow brought this suit to correct the '221 patent to name him, rather than Cole, as the sole inventor.

According to Gummow, Cole developed continuing business contacts in Illinois over the past eight years. *Id.* at ¶ 5. Specifically, Gummow claims Cole personally visited Illinois numerous times in furtherance of his business, which included selling wrenches in Illinois and purchasing wrench components from Illinois businesses. *Id.* According to Cole, his last personal contact with Illinois was in 1995. Cole Aff. at ¶ 14. Thereafter, Cole's contact with Illinois was limited to his role as a company representative. *Id.* Cole has not had any contact with Illinois in any capacity since

March 1998. *Id.* at ¶ 15. Gummow has not offered any evidence refuting Cole's representations regarding his contact with Illinois.

## DISCUSSION

### I. Personal Jurisdiction

In a federal question case, the law governing personal jurisdiction parallels the rules governing service of process. *See Swaim v. Moltan Co.*, 73 F.3d 711, 719-720 (7th Cir. 1996). Federal Rule of Civil Procedure 4(k)(1) provides, in relevant part, that service is effective to establish jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located" or "when authorized by a statute of the United States." Fed. R. Civ. P. 4(k)(1). The patent amendment and correction statute does not authorize nationwide service of process. *See* 35 U.S.C. § 251 *et seq.* Therefore, the court must determine whether the Illinois state courts could exert personal jurisdiction over Cole.[1] *See LSI Industries Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed Cir. 2000).

Illinois authorizes personal jurisdiction on any basis permitted by the Illinois Constitution and the United States Constitution. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). The Illinois Supreme Court has noted that federal law may be used as guidance for construction of the Illinois due process clause. *Lewis v. Spagnolo*, 186 Ill.2d 198, 227, 710 N.E.2d 798, 812 (1999). Absent any authority supporting a broader construction, the Illinois due process

---

[1] Although Gummow also claims jurisdiction is based on diversity, he failed to plead the parties' citizenship. Diversity jurisdiction requires a controversy between citizens of different states, not residents of different states. 28 U.S.C. § 1332(a)(1); *Guaranty National Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 58 (7th Cir. 1996). In any event, the personal jurisdiction analysis in a diversity case is identical to the personal jurisdiction analysis in a federal question case where the underlying statute does not provide nationwide service of process. *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997).

3

clause may be interpreted the same as the federal due process clause. *Id.* Consequently, the court confines its jurisdictional analysis to whether federal due process permits jurisdiction over Cole.

## A. Federal Due Process

In patent cases, the court must defer to the law of the Federal Circuit in determining whether federal due process is satisfied. *Graphic Controls Corp. v. Utah Medical Products*, Inc., 149 F.3d 1382, 1386 (Fed. Cir. 1998). However, the court may look to relevant Illinois state and federal law in interpreting the meaning of the Illinois long-arm statute. *Id.* Like the Seventh Circuit, the Federal Circuit applies the minimum contacts standard of *International Shoe v. Washington*, 326 U.S. 310 (1945), and its progeny, to questions of personal jurisdiction in federal question cases. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). Federal due process requires Cole to have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316. Under the Illinois long arm statute, Cole may be subject to either general or specific jurisdiction. *RAR*, 107 F.3d at 1275.

## 1. General Jurisdiction

Gummow first contends that the court has general jurisdiction over Cole based on his business activities in Illinois from 1994 through 1998. General jurisdiction exists only where the defendant has "continuous and systematic general business contacts" with the forum such that he could reasonably foresee being hailed into court in that state for any matter. *World-Wide Volkswagen Corp. v. Woodson,* 100 S.Ct. 559, 567 (1980). Therefore, the critical focus for general jurisdictional purposes must necessarily be on the time the suit is filed. "The Due Process Clause, by ensuring 'the orderly administration of the laws', gives a degree of predictability to the legal system that allows

4

potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 562, *quoting International Shoe*, 66 S.Ct. at 159. Indeed, a party is able to "alleviate the risk of burdensome litigation by . . . severing its connection with the [forum] State." *Id.* Cole severed his ties with Illinois in March 1998, nearly four years before this suit was filed. Therefore, the court cannot assert general jurisdiction over Cole.

## 2. Specific Jurisdiction

Gummow next contends that the court has specific jurisdiction over Cole based on his business activities in Illinois from 1994 through 1998. The court may assert specific jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). To determine whether specific jurisdiction exists, the court must decide: (1) whether Cole has "purposefully directed" his activities toward Illinois residents; (2) whether the claim "arises out of or relates to" Cole's activities within Illinois; and (3) whether, by traditional standards, the contacts would make personal jurisdiction reasonable and fair under the circumstances. *Akro*, 45 F.3d at 1546. Gummow bears the burden of establishing the first two elements, while Cole bears the burden of establishing the third element. *Inamed Development Co. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Although Cole intentionally directed business activity toward Illinois residents from 1994 through 1998, Gummow's injuries did not arise from Cole's Illinois contacts. Indeed, Gummow specifically claims his injuries resulted from Cole's failure to name him as sole inventor in the '221 patent application filed with the United States Patent and Trademark Office in Washington, D.C. Compl. at ¶ 14. Absent a causal connection between Cole's contact with Illinois and the basis for Gummow's suit, the court cannot assert specific jurisdiction over Cole.

5

## CONCLUSION

Gummow fails to meet his burden of establishing personal jurisdiction over Cole. The entry of default against Cole is vacated. Cole's motion to dismiss for lack of personal jurisdiction is granted. Cole's remaining motions are moot.

May 8, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge